MATTER OF ROSARIO

In Deportation Proceedings

A–30143074

*Decided by Board August 4, 1975*

Conviction of "first degree manslaughter" (homicidio voluntario) in violation of section 635 of Title 33 of the Laws of Puerto Rico, is conviction of a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of crime involving moral turpitude committed within 5 years after entry—First Degree Manslaughter

ON BEHALF OF RESPONDENT: Richard Ramos-Algarin, Esquire
Box 7037
Barrio Obrero
Santurce, Puerto Rico 00916

This is an appeal from a decision of an immigration judge dated April 3, 1974 finding the respondent deportable under section 241(a)(4) of the Immigration and Nationality Act and ordering his deportation to the Dominican Republic. The appeal will be dismissed.

The respondent is a 58-year-old male alien who is a native and citizen of the Dominican Republic. He was admitted to the United States as a lawful permanent resident on November 27, 1970. On January 17, 1973, the respondent was convicted of "First Degree Manslaughter" (*Homicidio Voluntario*) in the Superior Court, San Juan, Puerto Rico.

Section 241(a)(4) of the Act provides in part that an alien who has been convicted of a crime involving moral turpitude committed within five years after entry and sentenced to confinement for a year or more is deportable. The crime for which the respondent was convicted was committed on October 30, 1972 which was within five years of his entry. On March 29, 1973 he was sentenced to confinement in prison for five years, his sentence was suspended and he was placed on probation.

The only issue on this appeal is whether or not the crime for which the respondent was convicted involves moral turpitude. Section 635 of Title 33 of the Laws of Puerto Rico provides:

"Manslaughter is the unlawful killing of a human being without malice. It is two kinds: 1. Voluntary—upon sudden quarrel or heat or passion. 2. Involuntary— in the commis-

416

sion of an unlawful act, not amounting to a felony, or in the commission of a lawful act which might produce death, in a unlawful manner, or without due caution or circumspection."

The indictment, the minutes of the trial and the sentence, all part of the record of conviction refer to the crime here involved as "First Degree Manslaughter" in English translation. Counsel for the respondent indicates that manslaughter is not divided into degrees under Puerto Rican law, but is classified as voluntary or involuntary. Counsel conceded that the respondent was convicted of voluntary manslaughter but argues that voluntary manslaughter is not a crime involving moral turpitude because it is an unlawful killing without malice.

This contention is without merit. It is well settled that voluntary manslaughter—which, under Puerto Rican law is an intentional killing of a human being[1] is a crime involving moral turpitude. *Matter of Lopez*, 13 I. & N. Dec. 725 (BIA 1971); *Matter of B–*, 4 I. & N. Dec. 493 (BIA 1951); cf. *Matter of Ghunaim*, 15 I. & N. Dec. 269 (BIA 1975).

The decision of the immigration judge was correct. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

---

[1] *People v. Figueroa*, 80 P.R.R. 317, 321 (1958); cf. *People v. Cruz*, 49 P.R.R. 637, 641 (1936); *People v. Cortés*, 42 P.R.R. 886, 887 (1931); see also *People v. Ortiz*, 86 P.R.R. 431 (1962)